UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOPE OWEN FALCON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-02644** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "I" (4)** |

**REPORT AND RECOMMENDATION**

**I.      Introduction**

The claimant, Hope Owen Falcon ("Falcon"), seeks judicial review pursuant to **Title 42 U.S.C. § 405 (g)** of the final decision of the Commissioner of Social Security. The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 U.S.C. § 636(b)** and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**II.     Facts and Background**

Plaintiff, Hope Falcon is a high school graduate with past semi-skilled experience as a clerk and dispatcher who protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 21, 2021. R. Doc. 9, Tr. 14,28, 57,235, 244, 203-210. Ms. Falcon was fifty-one years old on her alleged onset date, September 1, 2020 (R. Doc. 9, Tr. 16, 206, 208, 234) and fifty-five years old when the ALJ issued his decision (*Id.*, Tr. 16, 29, 206, 208, 234).

Ms. Falcon was initially considered a person closely approaching advanced age but became a person of advanced age as of the day before her fifty-fifth birthday, October 18, 2023. R. Doc. 9, Tr. 66; *see* 20 C.F.R. §§ 404.1563(d), (e); 416.963(d), (e). After administrative level denials (*Id.*, Tr. 75, 85, 94, 95), Ms. Falcon and a vocational expert (VE) testified at a hearing

before an Administrative Law judge (ALJ) on August 10, 2023. *Id.*, Tr. 37-65. On February 28, 2024, the ALJ issued an unfavorable decision, finding that Ms. Falcon was not disabled. *Id.*, Tr. 14-29.

The ALJ found that Ms. Falcon met the insured status requirements through December 31, 2025. R. Doc. 9, Finding 1, Tr. 16. The ALJ also found that Falcon has not engaged in substantial gainful activity since September 1, 2020, the alleged onset date. *Id.*, Finding 2, Tr. 16. The ALJ additionally found that Falcon had severe impairments consisting of multi-level degenerative disc disease, arthropathy of the spine, degenerative joint disease of the hips, inflammatory arthritis, a depressive disorder and an anxiety disorder with panic disorder. *Id.*, Finding 3, Tr. 16.

However, the ALJ found that Ms. Falcon does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments. R. Doc. 9, Finding 4, Tr. 18. The ALJ found that Falcon has the residual functional capacity to be able to lift and carry 20 pounds, occasionally lift 20 pounds, and frequently lift 10 pounds. *Id.*, Finding 5, Tr. 22. The ALJ found that she could stand and walk for an eight hour workday, sit for six hours, and occasionally climb, stoop, kneel, crouch, and crawl. *Id.*

The ALJ further held that Ms. Falcon could occasionally balance when walking on narrow, slippery or uneven surfaces but must avoid quota-based work of a fast-paced nature. R. Doc. 9, Finding 5, Tr. 22. The ALJ further held that she can tolerate more than frequent interaction with supervisors and co-workers and tolerate occasional in person interaction with the general public. *Id.*

Moreover, the ALJ held Falcon is capable of performing past relevant work as an office

2

manager, clerk, and dispatcher. R. Doc. 9, Finding 6, Tr. 28. The ALJ held that the work does not require the performance of work-related activities precluded by Falcon's residual functional capacity. *Id.*

Finally, the ALJ found that Falcon has not been under a disability from September 1, 2020, through the date of this decision, February 28, 2024. R. Doc. 9, Finding 7, Tr. 29. The ALJ denied Ms. Falcon disability insurance benefits and supplemental security income. *Id.*

The Appeals Council denied Ms. Falcon's request for review with no substantive explanation on September 23, 2024. R. Doc. 9, Tr. 1-3. On November 11, 2024, Falcon filed a complaint in this Court challenging the ALJ's opinion. R. Doc. 1. Falcon contends that remand is required because the ALJ's residual functional capacity (RFC) finding is inconsistent with his finding of a severe mental impairment. R. Doc. 10 at 3.

**III.   Standard of Review**

The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether: (1) the final decision is supported by substantial evidence; and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo,* or substitute its judgment for that of the Secretary. *See Brown,* 192 F.3d at 496. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); s*ee also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995) (citations omitted). "It

is more than a mere scintilla and less than a preponderance." *Ripley,* 67 F.3d at 555 (citations omitted)*.* It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found when there is a "conspicuous absence of credib[le] choices" or no contrary medical evidence. *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores or fails to resolve a conflict created by countervailing evidence. *See Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence that offered by treating physicians. *See Kent,* 710 F.2d at 114*.*

### IV.    <u>Analysis</u>

Falcon contends that remand is required because there is a contradiction between the ALJ's PRT and severity findings and his RFC finding.   R. Doc. 10 at 6.   Falcon contends that the PRT finding required the ALJ to limit her capacity to perform simple work and yet the ALJ found that she was capable of performing more than simple work. *Id.*

The Commissioner contends that the ALJ properly determined that Falcon's severe mental impairments with her other impairments and found that they did not prevent her from performing a modified range of light work. Tr. 15. The Commissioner contends that the ALJ properly determined that her severe mental impairment did not prevent her from her performing her past relevant work as an office manager, clerk, and dispatcher based on the totality of the evidence. R. Doc. 15 at 2. The Commissioner further contends that the ALJ's decision is based on substantial evidence. *Id.*

In evaluating a disability claim, the Commissioner follows a five-step sequential process

to determine whether: (1) the claimant is participating in substantial gainful activity; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform other relevant work. *See Martinez v. Chater*, 64 F.3d 172, 173-174 (5th Cir. 1995); 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof on the first four steps, with the burden shifting to the Commissioner at the fifth step. *See Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

The second step of the sequential analysis requires that the factfinder decide whether the claimant's impairment is "severe," "irrespective of age, education, and work experience." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). In evaluating mental impairments, the ALJ must determine a claimant's degree of functional limitation in four broad functional areas, including their ability to: (1) understand, remember, and apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage themselves. 20 C.F.R. § 404.1520a(c). These are the Paragraph B criteria. 20 C.F.R., Part 404, Subpt. P, App'x 1, 12.00E, F(2)(B). The ALJ must rate the claimant's degree of functional limitation on a five-point scale including none, mild, moderate, marked, or extreme. *Id.* If the claimant's degree of limitation is "none" or "mild," it will typically be non-severe. *Id.* § 404.1520a(d).

Residential functional capacity "(RFC)", which is determined between the third and fourth steps, is the most a claimant can do despite their limitations. 20 C.F.R. § 404.1545(a); *Perez*, 415 F.3d at 461-62. When assessing a claimant's RFC, the ALJ must consider all relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The ALJ must also consider all a claimant's medically

determinable impairments, even those that are non-severe. *Id.* § 404.1545(a)(2).

"[T]he determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The "limitations identified in the 'paragraph B' ... criteria are not an RFC assessment," and instead the "mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments." SSR 96-8P, 1996 WL 374184, at *4 (S.S.A. July 2, 1996). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7.

The Psychiatric Review Technique Form (PRTF) is used to rate the severity of mental impairments at step 2 of a claimant's sequential evaluation process. *See Holmes v. Astrue*, No. 3:11-CV-2634, 2013 WL 638830, at *11 (N.D. Tex. Jan. 25, 2013) (citing 20 C.F.R. § 404.1520a), report and rec. adopted, 2013 WL 646510 (N.D. Tex. Feb. 20, 2013). In comparison, the Mental Functional Residential Capacity (MRFC) is used to steps 4 and 5 of the sequential evaluation process and "requires a more detailed assessment by itemizing various functions." *Martha L. v. Saul*, No. 1:20-CV-00003-H-BU, 2021 WL 3610316, at *4 (N.D. Tex. July 27, 2021), report and rec. adopted, 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021). "Although the ALJ must consider the claimant's paragraph B functional limitations when determining mental RFC," the ALJ is not "required to incorporate them into [the] RFC assessment 'word-for-word.'" *Holmes*, 2013 WL 638830, at *13 (internal citations and quotations omitted).

Courts have held that an ALJ is not required to account for inconsistencies in state agency

consultants PRT and MRFC limitations. *See*, *e.g.*, *Lull v. Colvin,* 535 F. App'x 683, 686 (10th Cir. 2013). In *Lull*, a medical source at the administrative level opined in the PRT section of the disability determination that the claimant's ability to maintain concentration, persistence, or pace was moderate. *Id.* at 685. In comparison, the MRFC assessment, completed by the same medical source on the same day, opined that the claimant was not significantly limited in their ability to maintain attention and concentration. *Id.* at 685–86.

*Lull* argued that "the ALJ erred in using the MRFCA because it was inconsistent with the PRT." *Id.* at 686. The Court held that *Lull's* argument was without merit because a PRT is used to assess the severity of impairments while a MRFC is more detailed and "relevant to the vocational determinations required at steps four and five." *Id.*

However, an ALJ's decision may lack substantial evidence when the ALJ expressly gives weight to the prior administrative findings in both the PRT and MRFC assessment, and the PRT and MRFC are inconsistent with each other. *Herd v. Comm'r of the Soc. Sec. Admin.*, No. 3:11-CV-2847-N, 2012 WL 4512494, at *11 (N.D. Tex. Aug. 27, 2012), report and rec. adopted sub nom. *Herd v. Comm'r of Soc. Sec. Admin.*, 2012 WL 4512530 (N.D. Tex. Sept. 28, 2012). In *Herd*, a PRT performed by a state agency consultant reported that claimant had mild difficulties in maintaining concentration, persistence, and pace. *Id.*

In comparison, the MRFC assessment, conducted by the same consultant as the PRT, found that the claimant had moderate limitations in maintaining attention and concentration for extended periods, and moderate limitations to perform at a consistent pace. *Id.* The ALJ gave "significant weight" to the PRT review and "some weight" to the MRFC assessment. *Id.* (internal quotations omitted). The Court found that the ALJ's reliance on the state agency consultants with

7

"inconsistent assessments created ambiguities," which rendered the "ALJ's MRFC conclusions unsupported by substantial evidence." *Id.*

In *Julie H v. Commissioner of Social Security,* No. 1:22-cv-00145, 2023 WL 8518911, at *5 (N.D. Tex. Aug. 2, 2023) the claimant argued that while the ALJ's determined that she had severe limitation of major depressive disorder, but that "the only mental limitation" was that she could perform detailed but not complex tasks.  In *Julie H,* the ALJ did not specifically refer to limitations referenced in the state agency consultants PRT analysis, nor was the ALJ required to. *Julie H.*, 2023 WL 8518911, at *4.

The Court further noted that because the ALJ did not rely on the opinions of the PRT, the ALJ was not required to explain any inconsistencies between the administrative level PRTs and the MRFCs. *See Herd*, 2012 WL 4512494, at *11. The Court therefore determined that the ALJ did not commit legal error, and the inconsistency between the state agency consultants PRT and MRFC did not create an inconsistency that demonstrates that the ALJ's decision was not supported by substantial evidence.

In this case, the ALJ determined that Ms. Falcon's depressive disorder and anxiety disorder with panic disorder were severe impairments. R. Doc. 9, Tr. 17; *see also* PRT by Dr. Abesie Kelly, Phd., R. Doc. 9, Exhibit No. 1A, Tr. 69. The ALJ's finding is consistent with the PRT where Dr. Abesie found that Ms. Falcon had issues with memory, completing tasks and concentration. R. Doc. 9, Exhibit No. 1A, Tr. 69. Further, Dr. Abesi noted Falcon's complaints that she can pay attention for about 10 minutes and follow written and spoken instructions. *Id.* Dr. Abesi also noted that Falcon reported that she does not handle stress well. *Id.* Dr. Abesi further noted that Falcon could go out alone, socialize by dining out, attend family gatherings, and handle

8

her savings account, pay bills and use a checkbook. *Id.* Therefore, she was found to be moderately limited in concentration, persistence, and pace. *Id.* at 68.

Likewise, the ALJ found that Falcon's mental impairments considered singly and in combination do not meet or medically equal the criteria of listings 12.04 and 12.06. R. Doc. 9, Tr. 20. Like the claimant in *Julie H,* Falcon's depressive and anxiety disorder were severe impairments and the ALJ found that Falcon was moderately limited in terms of concentrating, persisting, or maintaining pace. *See Id.* The ALJ's finding of moderate impairment is consistent with the PRT in this case which indicates that Falcon is moderate limited in this area.

As required, the ALJ further proceeded to explain why this finding is consistent with the record and evidence. For example, the ALJ noted that Falcon had the ability to drive a car, handle finances, use a computer, read, and watch television. R. Doc. 9, Tr. 21. The ALJ further noted that while the medical record showed that Falcon had reported symptoms including trouble concentrating and poor sleep, her actual mental status examination on May 10, 2022, indicated that she had normal concentration, memory, and intellectual insight, but with impaired impulse control. *Id.* Unlike in *July H,* there is no difference between the PRT finding and the MRFC finding. Contrary to Falcon's contention, the ALJ made clear that the paragraph B analysis was incorporated into the RFC after considering the other medical and testimonial evidence. Falcon has failed to show that the ALJ's RFC assessment is unsupported by substantial evidence.

## V.  Conclusion

Accordingly,

**IT IS RECOMMENDED** that the Administrative Law Judge's decision be **AFFIRMED.** A party's failure to file written objections to the Proposed Findings, Conclusions, and

Recommendation in a Magistrate Judge's Report and Recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of October 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**